UNITED STATES of America,
Appellant,

v.

Mark Lewis CONSTANTINE, Appellee.

No. 77–1604.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1977.

Decided Dec. 14, 1977.

E. Leslie Hoffman, III, Asst. U. S. Atty., Charleston, W. Va. (John A. Field, III, U. S. Atty., Charleston, W. Va., on brief), for appellant.

Roger Turrell, Middletown, Ohio (William L. Redd, Huntington, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Mark Lewis Constantine was arrested and indicted for possession of cocaine with the intent to distribute it. 21 U.S.C. § 841(a)(1). On March 7, 1977 the District Court granted the defendant's pretrial motion to suppress as evidence against him the cocaine seized by the police officer at the time of the arrest. From this order the Government appeals. 18 U.S.C. § 3731. We reverse, finding the seizure justifiable and the evidence admissible at trial.

Assigned to the midnight patrol shift, Officer Damon Sloan of the Huntington, West Virginia Police Department, was investigating a rash of window breakings and vandalisms committed in the downtown area. Around 1:40 a.m. on November 24, 1976 the officer observed Constantine leave his car, walk to a parked van with Ohio license plates and talk to the driver. Sloan drove a short distance beyond, then decided to return to where he had seen Constantine. Sloan was generally familiar with the people who frequented this part of Huntington late at night, but had never seen the de-

fendant previously and no one else was on the street. Nearing him the patrolman stopped his car and motioned to the defendant, who was standing across the street, to come to the car. The officer's intention was to check for identification, to ask where Constantine had been and to ascertain why he was on the street at that late hour.

Constantine complied with the officer's request and walked over to the patrol car and leaned down to talk to the officer through the window. Sloan could then see a plastic bag containing a greenish, leafy substance protruding from a pocket inside Constantine's open ski jacket. The officer, recognizing the substance as apparently marijuana, reached through the window and into the pocket, removed the bag and found it did contain marijuana. Whereupon he got out of his vehicle, placed Constantine under arrest for possession of marijuana, at the same time informing him of his Constitutional rights. The defendant was searched at the arrest site and a bag containing cocaine was found in his pocket.

■ We hold that the officer was then pursuing his duty, in that he was investigating crime in the area when he asked Constantine to approach the car and identify himself. In these circumstances the public interest must, of course, be weighed with the intrusion upon individual liberty, the result of stopping the pedestrian. Obviously, the interference here was no more than modest. The question is one of fact and each incident necessarily turns on its own peculiar facts.

In *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Court found that the governmental concern in curtailing crime would permit a police officer in appropriate circumstances to "approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Id.* at 22, 88 S.Ct. at 1880. The Court in *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) held that probable cause was not required for a brief investigative stop of a car suspected of transporting illegal aliens. It said that a reasonable suspicion that the car contained illegal aliens would support this "minimal intrusion". *Id.* at 881, 95 S.Ct. 2574.

■ The minimal intrusion of an investigative stop is Constitutionally permissible if "the police officer [can] point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio,* 392 U.S. at 21, 88 S.Ct. at 1880. See *United States v. Brignoni-Ponce,* 422 U.S. at 884, 95 S.Ct. 2574. Officer Sloan's investigative stop is consistent with this criterion. *See, United States v. Bull,* 565 F.2d 869 (4 Cir. 1977).

■ Assessing the need for a brief stop, "the circumstances before [the officer] are not to be dissected and viewed singly; rather they must be considered as a whole." *United States v. Hall,* 174 U.S.App.D.C. 13, 15, 525 F.2d 857, 859 (1976). Officer Sloan knew the section, where he observed Constantine, to have a high incidence of vandalism. An area's disposition toward criminal activity is an articulable fact. *United States v. Brignoni-Ponce,* 422 U.S. at 884–885, 95 S.Ct. 2574. The mood of the precinct and the circumambient activities before Officer Sloan "are to be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training". *United States v. Hall,* 174 U.S.App.D.C. at 15, 525 F.2d at 859. *See, United States v. Magda,* 547 F.2d 756, 758 (2 Cir. 1976).

The order appealed from is reversed, and the case remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed and Remanded.