**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4468

NATHANIEL POWE, a/k/a Patrick
Jamal King,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-200-2)

Submitted: January 29, 1999

Decided: March 10, 1999

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reserving his right to appeal the district court's denial of his motion to suppress evidence, Nathaniel Powe entered a plea of guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Following the district court's entry of the judgment and commitment order imposing a forty-eight-month sentence, Powe noted his appeal. Finding no error in the district court's denial of the suppression motion, we affirm Powe's conviction.

The evidence presented to the district court during the hearing on the motion to suppress is as follows. During the autumn of 1997, members of the Metropolitan Drug Enforcement Network Team (MDENT) received a number of complaints of suspected drug activity at the residence of Bruce Johnson located at 128 Williams Street in East Bank, West Virginia. These complaints concerned the heavy vehicular traffic to and from the residence at all hours of the night. The MDENT officers knew Bruce Johnson from having previously arrested him for drug-related activities.

On November 4, 1997, Captain Larry Dodson of MDENT received information from a reliable cooperating individual that drug dealers from Detroit, Michigan, were returning to the East Bank area and were bringing crack cocaine. The individual stated that these people, black males, would be selling drugs at Bruce Johnson's residence on Williams Street. The individual also informed Dodson that the "Detroit boys" would be arriving in a rental car on November 4th or November 5th.

Based on this information, MDENT established surveillance of Johnson's residence at 7:00 p.m. on November 4, 1997. At that time, a white Hyundai was parked outside the residence. It had a Kentucky license plate and a small green and white "e" over the left taillight.

2

The "e" was believed to be the logo for Enterprise Car Rental Company. During the three or four hours of surveillance, a number of vehicles were observed arriving at Johnson's house, staying for a short time, and then leaving. The officers conducted investigatory stops of two vehicles that left Johnson's house after staying for a short time. However, no crack cocaine was found during the searches of the occupants of these vehicles.

Around 9:00 p.m., MDENT Detective Hart observed the white Hyundai leaving the Johnson residence. He reported by radio communication to MDENT Officer Carpenter a description of the vehicle that had left the residence and its direction of travel. Officer Carpenter spotted the vehicle and began to follow it. After following the Hyundai for about a mile, Carpenter activated his blue lights and executed a traffic stop.

The officers approached the driver's side door of the Hyundai and requested that the driver produce his license, registration, and proof of insurance. The driver--later identified as Powe--stated that he did not have a driver's license. Powe was asked to step out of the vehicle. The officers, noting a burnt marijuana smell, asked Powe if he had any drugs or weapons. He admitted to having a marijuana joint in his pocket. A pat-down search also uncovered in Powe's sock a baggie containing marijuana. The officers arrested Powe for driving without a license and for possession of marijuana. At the police department, a strip search uncovered a quantity of crack cocaine.

In reviewing the district court's determination on a motion to suppress evidence, we review factual findings for clear error and legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). An investigative detention, such as occurred in this case, requires "specific and articulable facts" to support the officers' "reasonable suspicion" of criminal activity. See Terry v. Ohio, 392 U.S. 1, 21-22 (1968). The relevant inquiries are "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Id. at 20. "If the initial traffic stop was illegal or the officers exceeded the stop's proper scope, the seized contraband

3

is excluded under the `fruit of the poisonous tree doctrine.'" United States v. Rusher, 966 F.2d 868, 875 (4th Cir. 1992).

To determine whether the officers had a reasonable articulable suspicion when they stopped the vehicle Powe was driving, "we must consider `the totality of the circumstances--the whole picture.'" United States v. Sokolow, 490 U.S. 1, 8 (1989) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). The facts known to the officers at the time were: Powe had just left Bruce Johnson's residence, where, based on citizen complaints and the officers' observations of heavy traffic, it was suspected that a high volume of drug trafficking occurred. See United States v. Moore, 817 F.2d 1105, 1107 (4th Cir. 1987) (quoting United States v. Constantine, 567 F.2d 266, 267 (4th Cir. 1977)) ("[A]n area's disposition toward criminal activity is an articulable fact," that may be considered along with more particularized factors to support a reasonable suspicion.). Captain Dodson had received information from a reliable source that black males were traveling from Detroit to sell crack cocaine at Bruce Johnson's house and that they were traveling in a rental car and expected to arrive on November 4th or 5th. See Alabama v. White, 496 U.S. 325, 330-31 (1990) (finding that an informant's tip, if independently corroborated, can provide reasonable suspicion). On November 4th, after observing heavy traffic to and from Johnson's house, the officers saw a rental car--driven by a black male--leave Bruce Johnson's house. Having corroborated several pieces of the information provided by the cooperating individual, the officers had reasonable articulable suspicion that the driver of the rental car was involved in criminal activity. See Terry, 392 U.S. at 22-23 (officers' observations and inferences drawn from observations in light of experience may support reasonable suspicion). Thus, under the totality of the circumstances, the officers were authorized to conduct an investigatory detention of the driver, Powe. The evidence acquired during this investigatory stop provided the officers with probable cause to then arrest Powe and subsequently conduct a post-arrest search.

Accordingly we affirm the district court's order denying Powe's motion to suppress the evidence recovered as a result of this investigatory detention. We also affirm Powe's conviction. We dispense with oral argument because the facts and legal contentions are ade-

4

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED